PER CURIAM.
This is an appeal by the petitioners below from an order of the circuit court of Dade County which granted the respondents’ motion to dismiss, and dismissed with prejudice their petition for certiorari to review an adverse ruling of the county commission which granted an unusual use permit to the appellee Frank C. Palmer.
Palmer had made application for an unusual use permit for use of his land as a private tennis club, with clubhouse, pro shop and fourteen tennis courts. The property is in an area of the county zoned EU-1.[1]
The zoning board of appeals approved, with certain noted use conditions and limitations. An appeal to the county commission was taken by an adjacent resident landowner, and by a nonprofit corporate association (of residents of the district). After hearing, the county commission denied the appeal and granted the unusual use application.
The appealing parties sought review thereof by the authorized procedure of a *435 petition for certiorari in the circuit court, with the result stated above. On their appeal therefrom to this court, as in the circuit court, the appellants do not seek reversal on the ground that the ruling of the county commission was not supported by the evidence, or was arbitrary and unreasonable on the merits thereof, but appellants contend that under the code of Metropolitan Dade County the county commission was without lawful authority to grant an unusual use permit for a private club in an area zoned EU-1, citing sections 33-311 and 33-33 of the code of Metropolitan Dade County.
The first of those sections of the code (§ 33-311) deals with authority and duties of the zoning board of appeals. Among other things, it provides, in subsection (d), for the granting of unusual use permits for uses permitted by the regulations, after hearing, and where so required, after public hearing, subject to limitation as follows :
“ * * * providing the applied for exception or use, in the opinion of the Zoning Board, would not generate excessive noise or traffic, tend to create a fire or other equally or greater dangerous hazards, or provoke excessive over-crowding or concentration of people or population, when considering the necessity for and reasonableness of such applied for exception or use in relation to the present and future development of the area concerned and the compatibility of the applied for exception or use with such area and its development.”
Subsection (h) of § 33-311 of the code provides that “in granting any variance, special exception, new uses or unusual use,” the board can impose reasonable conditions, restrictions and limitations.
Appellants contend, however, that § 33-13 of the code prohibits the granting of an unusual use permit for a private club in an area zoned EU-1. Appellants appear to rely on two subsections thereof. Subsection (a) thereof prohibits any use of premises in a residential district which conflicts with normal and expected use in the district. Subsection (e) which deals with “Unusual and New Uses,” provides: “Unless approved upon public hearing, the following unusual uses or uses similar thereto shall not be permitted in any district save and except in those districts bliat permit such uses without a public hearing.” [Italics ours.] That statement is ended with a colon, and is followed by a lengthy listing of uses in groups, designating with each group a zoning district to which, with more restricted districts, the same shall apply. The only reference therein to “private club” use is its inclusion with a number of other uses which are followed by: “in RU-3B and RU-3 and more restrictive districts including, but not limited to, AU and GU districts.”[2]
As we read § 33-13(e) of the code relating to unusual uses, it does not, as contended for by the appellants, contain language which would prohibit or preclude the granting of an unusual use permit for a private club in a district zoned EU-1, *436 but what it does provide is that an unusual use permit for a private club shall not be granted in RU-3B and RU-3 and more restrictive districts “Unless approved upon public hearing” (and otherwise meeting the conditions for granting such unusual use permits as contained in § 33-311, as referred to hereinabove.) The judgment of the circuit court denying certiorari was not in error.
We pretermit discussion of other questions raised, none of which are material to our consideration of this appeal in view of the basis of our disposition thereof.
Affirmed.

. In the code of Metropolitan Dade County zoning district EU-1 (§ 33-226) is designated “Single Family One Acre Estate District.” The uses authorized therein are: one family residence with guest house, poultry raising, keeping of two horses and cows (or more, upon obtaining waivers or special permit), private boat slips and docks, truck gardening and fruit growing incidental to residential use, and keeping bees (limited to 5 hives).

. The uses provided for in an RU-3B district (§ 33-204, by ordinance dated October 22, 1957) are those permitted in districts RU-1, RU-2 and RU-3. Uses permitted in RU-1 are one family residences, municipal recreational buildings, playgrounds, parks, golf courses, noncommercial pigeon lofts. RU-2 allows the above and two family residences (duplexes). RU-3 allows the foregoing and 4-unit apartments. RU-3B, in addition to the above allowed bungalow courts, but by ordinance 61-17, § 1 of April 18, 1961, the bungalow court use was repealed and such use was prohibited prospectively in that district, because of its overcrowding effect. AU district is agricultural. GU designates “Interim District,” being the unincorporated area of the county outside of specified zoning districts.
From the foregoing it appears that an EU-1 district is “a more restricted district” than districts RU-3B and RU-3, referred to in connection with private club use in § 33-13 (e) of the code which prohibits the granting of unusual use permits for such uses “unless approved upon public hearing.”